**YAN FENG LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–1999–ag.

United States Court of Appeals, Second Circuit.

June 1, 2006.

Michael Brown, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul Naman, Assistant United States Attorney, Beaumont, TX, for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Yan Feng Lin, through counsel, petitions for review of the BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision " 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.' " *Id.* at 233–34 (quoting, *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001)).

"The statutory framework governing asylum proceedings does not provide for motions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regulations." *Id.* at 234 (internal quotation marks and citation omitted). The regulations, in turn, provide that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005). Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

In this case, the IJ denied Lin relief based on an adverse credibility determination, and Lin's new claim of a well-founded fear of persecution is based entirely on the same factual predicate that the IJ found not to be credible. Lin's current claim, that he fears persecution based on the attempted adoption of another child, depends on the fact that Lin had previously

violated the family planning policy. The facts which Lin alleged before the IJ, and now reiterates before this court—for example, Lin's first child, Lins's wife's two forced abortions, and the failure to pay fines—are necessary to support his current well-founded fear claim. As Lin's new claim of well-founded fear of future persecution is not independent of the IJ's adverse credibility determination, the BIA was reasonable in discrediting the motion evidence based solely upon the IJ's initial adverse credibility finding. *Cf. Paul v. Gonzales,* 444 F.3d 148, 152 (2d Cir.2006)

Furthermore, the BIA did not deny Lin due process or abuse its discretion in determining that, in light of the IJ's adverse credibility determination, Lin's motion evidence did not establish a *prima facie* case for relief. Moreover, Lin's argument that the BIA erred in not following its own precedent is unpersuasive. The Second Circuit and BIA decisions to which Lin cites are unpublished and non-precedential. However, even if the BIA decision was precedential, its holding is not inconsistent with our recent holding in *Paul.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).